UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL GOLDSBY, | ) | CASE NO. 1:05 CV 2106 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| STATE OF OHIO, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

On October 11, 2005, petitioner <u>pro se</u> Michael Goldsby filed his amended petition in the above-captioned habeas corpus action under 28 U.S.C. § 2254. Goldsby is incarcerated in an Ohio penal institution, having been convicted, pursuant to a guilty plea, of drug related charges in 1991. He received a seven and one half year sentence at that time. In July 2002, Goldsby filed postconviction motions in the Ohio Court of Common Pleas. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in

custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the amended petition that over 11 years passed from the date of his conviction to the filing of the within action, and that the one year "grace period" to file a petition after the effective date of the Antiterrorism and Effective Death Penalty Act has well expired. His 2002 postconviction motions cannot "retrigger" the statute of limitations, under these circumstances, for bringing a federal habeas action. Thompson v. Chandler, 55 Fed.Appx. 758, 2003 WL 343249 (6th Cir. Feb. 12, 2003); cf. Searcy v. Carter, 246 F.3d 515

(2001)(delayed appeal). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of a basis for tolling the one year statute of limitations. Therefore, this action must be dismissed as time-barred.

Further, in if this action were not time-barred, there is no indication on the face of the amended petition that Goldsby is "in custody" for purposes of seeking habeas relief. On the contrary, the amended petition explicitly states that petitioner's sentence has expired, but asserts that he is in custody for habeas purposes because the expired sentence was used to enhance a subsequent federal sentence. However, once a sentence has fully expired, collateral consequences are insufficient to render a prisoner in custody for purposes of habeas corpus. <u>Maleng v. Cook</u>, 490 U.S. 488 (1989); <u>Steverson v. Summers</u>, 258 F.3d 520 (6th Cir. 2001).

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    <u>/s/Dan Aaron Polster 10/21/05</u>
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE